NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 18a0318n.06

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

MATTHEW BECKMAN,

    Plaintiff-Appellant,

v.

WAL-MART STORES, INC.,

    Defendant-Appellee.

)
)
)
)
)
)
)
)
)
)
)

**FILED**
Jun 27, 2018
DEBORAH S. HUNT, Clerk

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MICHIGAN

Before: KEITH, ROGERS, and KETHLEDGE, Circuit Judges.

KETHLEDGE, Circuit Judge. Wal-Mart Stores, Inc. employed Matthew Beckman as a shipping loader. Wal-Mart fired him after he failed to show up for work more than a dozen times. He thereafter sued Wal-Mart, asserting claims under the Family Medical Leave Act and the Americans with Disabilities Act. The district court granted summary judgment to Wal-Mart. We affirm.

I.

In August 2013, Beckman's doctor diagnosed him with a double hernia. Over the next 14 months, Wal-Mart approved four of Beckman's requests for leave under the FMLA. Beckman took over 10 weeks of medical leave in total. Beckman was also repeatedly absent from work without receiving authorization from Wal-Mart. In early October 2014, a supervisor told Beckman

that he had been absent without leave for a total of 110 hours. Beckman knew that—per Wal-Mart's attendance policy—he would lose his job if he had additional unauthorized absences.

Yet on October 21 and 22 Beckman left work early without authorization; and on October 23 and 24 he did not show up for work at all. When Beckman arrived to work on October 28, his supervisor told him that he had violated Wal-Mart's attendance policy, and then sent him home. That same day Beckman asked Wal-Mart to count his absences from October 23 to 30 as leave covered by the FMLA. Wal-Mart later denied that request because, Wal-Mart said, Beckman had not worked at least 1,250 hours over the past year and thus lacked eligibility to take FMLA leave. On November 12, Wal-Mart fired Beckman for "excessive absences" in violation of its attendance policy.

Beckman thereafter brought this suit, alleging among other things that Wal-Mart had violated the FMLA and the ADA. *See* 29 U.S.C. § 2601; 42 U.S.C. § 12101. The district court granted summary judgment to Wal-Mart, reasoning that Beckman lacked eligibility to take FMLA leave from October 23 to 30, and that Wal-Mart had not unreasonably refused to accommodate Beckman's disability or discriminated against him because of it. Thus the court granted summary judgment to Wal-Mart on all of Beckman's claims. This appeal followed.

II.

We review the district court's grant of summary judgment de novo, and can affirm the court's decision on any grounds supported by the record. *See Loyd v. Saint Joseph Mercy Oakland*, 766 F.3d 580, 588, 592 (6th Cir. 2014).

A.

Beckman argues that he established a genuine issue as to whether Wal-Mart interfered with his FMLA rights when it denied his request to take medical leave and then fired him. Under the

FMLA, an employee with a serious health condition may take up to 12 weeks of leave per year. *See* 29 U.S.C. § 2612. The FMLA also provides that "[i]t shall be unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise" that right. *See* 29 U.S.C. § 2615(a)(1). Here, Beckman must establish that Wal-Mart violated the FMLA when it denied his request for leave, and that the violation caused him damages. *See Ragsdale v. Wolverine World Wide, Inc.*, 535 U.S. 81, 89 (2002); *see also* 29 U.S.C. § 2617. We focus on whether Wal-Mart's decision to deny Beckman's request for FMLA leave caused him damages, namely his termination.

Beckman's termination did not result from Wal-Mart's decision to deny Beckman's request for leave. Instead, Wal-Mart fired Beckman because he had violated its attendance policy on October 21. On that day, Wal-Mart's human resources manager testified, Beckman left work early and thereby accumulated more than 110 hours of unauthorized absences. "Mr. Beckman's absence on October 21," she said, "qualified him for termination" under Wal-Mart's attendance policy. Beckman's timesheet and disciplinary record confirm that he violated Wal-Mart's attendance policy on October 21. Moreover, Beckman himself admitted that—when he showed up for work on October 28—his supervisor told him to go home because he had too many unauthorized absences. When Wal-Mart formally fired him a few weeks later, it recited "Excessive Absences and/or Tardies" as the "Termination Reason." Thus, regardless of whether Wal-Mart had granted Beckman's request for FMLA leave from October 23 to 30, Beckman had violated Wal-Mart's attendance policy on October 21, and Wal-Mart fired him for that violation. And Beckman provides no evidence to show that Wal-Mart's reason for firing him was a pretext for an unlawful reason.

Instead, Beckman contends he was in fact eligible to take FMLA leave from October 23 to 30. Specifically, he says that he worked at least 1,250 hours in the 12-month period before his

initial request for leave on July 8. *See* 29 C.F.R. § 825.110(a)(2). In Beckman's view, Wal-Mart violated the FMLA by determining his eligibility based on the hours he worked in the 12-month period before October 23, instead of the 12-month period before July 8.

But that disagreement makes no difference to whether Beckman can prove causation for his FMLA claim. Again, as shown above, Wal-Mart fired Beckman because by October 21 he had accumulated more than 110 hours of unauthorized absences. His problem, therefore, was not that he was ineligible for FMLA leave, but that he was so frequently absent from work without authorization—whether he was eligible for leave or not. He therefore has presented no basis on which a jury could find the element of causation, and thus the district court properly granted summary judgment on his FMLA claim.

B.

Beckman also challenges the district court's decision to grant summary judgment to Wal-Mart on his ADA claims. The ADA requires an employer to "mak[e] reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability who is an . . . employee[.]" *See* 42 U.S.C. § 12112(b)(5)(A). A "qualified individual" is someone who can perform the essential functions of his job with or without a reasonable accommodation. *See* 42 U.S.C. § 12111(8).

Beckman argues that Wal-Mart denied him a reasonable accommodation for his hernia when it denied his request for extended medical leave from October 23 to 30. But "[a]n employee who cannot meet the attendance requirements of the job at issue cannot be considered a 'qualified' individual protected by the ADA." *Brenneman v. MedCentral Health Sys.*, 366 F.3d 412, 419 (6th Cir. 2004) (citation omitted). Here, even if Wal-Mart had granted Beckman's request for extended medical leave from October 23 to 30, Beckman would not be able to meet the requirements of

Wal-Mart's attendance policy due to his excessive absenteeism. Thus he was unqualified, and his ADA claim fails. *See id.* at 420.

Beckman next argues that Wal-Mart denied him a reasonable accommodation when it denied his request for light-duty work. But a "suggested accommodation is not reasonable if it requires eliminating an essential function of the job." *Rorrer v. City of Stow*, 743 F.3d 1025, 1039 (6th Cir. 2014) (internal quotation marks omitted). Here, according to Wal-Mart's employee handbook, a shipping loader must be able to "lift . . . without assistance" merchandise and equipment that weigh more than 60 pounds. Beckman himself admitted that this ability was an essential part of his job. Thus, Beckman's light-duty accommodation would have eliminated one of the essential functions of his job. That accommodation was therefore unreasonable. *See E.E.O.C. v. Ford Motor Co.*, 782 F.3d 753, 763 (6th Cir. 2015).

Beckman responds that Wal-Mart could have employed its "Temporary Alternate Duty" policy to transfer him to a different job without a heavy-lifting requirement. Under the ADA, however, an employee who wants a transfer to another job as an accommodation must ask for a transfer. *See Kleiber v. Honda of Am. Mfg., Inc.*, 485 F.3d 862, 870 (6th Cir. 2007). Beckman never asked to transfer jobs under this policy; instead he asked only to continue working in the shipping department without the lifting requirement. Hence he is not entitled to relief on this ground either.

According to Beckman, Wal-Mart initially refused to grant his requested accommodation for light-duty work because Wal-Mart had an illegal policy of barring injured employees from returning to work until they were 100% healed. But what matters for purposes of the ADA is whether Beckman's request for light-duty work was a reasonable one. And—as detailed above— that request would have eliminated an essential function from his job and therefore was not

reasonable. Thus the question of whether Wal-Mart had a so-called "100% policy" is immaterial to Beckman's ADA claims.

Finally, Beckman argues that Wal-Mart did not engage in a dialogue with him to explore possible accommodations for his hernia condition. But Beckman did not make that argument in the district court, so it is waived. *See Scottsdale Ins. Co. v. Flowers*, 513 F.3d 546, 552 (6th Cir. 2008).

The district court's judgment is affirmed.